Opinion filed September 12, 2024



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00056-CR
_____

**TELIEA THOMAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 14668-D**

## M E M O R A N D U M   O P I N I O N

The jury convicted Appellant, Teliea Thomas, of the first-degree felony offense of injury to a child. *See* TEX. PENAL CODE ANN. § 22.04(a)(1), (e) (West Supp. 2023). The evidence presented at the guilt/innocence phase of trial included testimony that Appellant's child, the victim in this case, was emaciated and bruised, with a tear on his belly and apparent burn marks. The cause of the child's death was determined to be protein-calorie malnutrition or starvation with blunt force trauma

as a secondary or contributing factor. The medical examiner testified that the child had spots of decomposition on him and that he was so severely malnourished that his skin had no fat or muscle to cling to.

There was also testimony that the child had medical conditions, which made it difficult for him to swallow. Approximately four months before his death, a pediatric speech pathologist indicated his level of impairment for feeding, swallowing, language abilities, and communication was severe, requiring further rehabilitation for all skills. Appellant was told by medical professionals that the child needed therapeutic intervention and recommended that the child be seen twice a week in addition to working on feeding, swallowing, language, and expression skills at home, but Appellant did not provide access to such therapies. Instead, Appellant did not bring the child to a follow up appointment after attending an initial evaluation and failed to reschedule thereafter. Further, two days before the child's death, Appellant called the rehabilitation center and requested a discharge for services. Appellant also neglected to call 9-1-1 for at least forty minutes after finding the child unresponsive.

The jury found Appellant guilty of the offense as alleged in the indictment. Appellant elected for the trial court to assess her punishment. The trial court assessed Appellant's punishment at imprisonment for life in the Correctional Institutions Division of the Texas Department of Criminal Justice.

Appellant's court-appointed counsel has filed in this court a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the clerk's record and the reporter's record. Counsel advised Appellant of her right to review the record and file a pro se response to counsel's brief. Counsel

2

also advised Appellant of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a response to counsel's Anders brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with counsel that no arguable grounds for appeal exist.[1]

We grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

W. BRUCE WILLIAMS
JUSTICE

September 12, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.